# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-50513
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 28, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DIANNA DENISE TORRES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:16-CR-1979-1

Before REAVLEY, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:*

Dianna Denise Torres appeals her 24-month below-guidelines sentence imposed following her guilty plea to importation of marijuana and possession with intent to distribute marijuana. She argues that her sentence is substantively unreasonable because the district court imposed a sentence greater than necessary based on an improper evaluation of the seriousness of her offense. Her contention is that she was entitled to a further downward

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No.  17-50513

variance because she waived her constitutional rights when she was arrested by disclosing her relevant conduct, which resulted in a substantial increase in her base offense level.

A properly preserved challenge to the substantive reasonableness of a sentence will be reviewed by this court for abuse of discretion.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  The record reflects that the district court considered the arguments of the parties, the aggravating and mitigating circumstances, and Torres's allocution.  Further, the district court identified the basis for its findings that the preponderance of evidence supported the drug quantity attributed to Torres and also provided specific reasons for increasing the base offense level for her use of her minor children.

Torres's disagreement with the propriety of the sentence or the weight given to the 18 U.S.C. § 3553(a) factors by the district court does not suffice to rebut the presumption of reasonableness that applies to her below-guidelines sentence.  *See Gall*, 552 U.S. at 51; *United States v. Simpson*, 796 F.3d 548, 557 & n.51 (5th Cir. 2015).  She has failed to show that her sentence does not account for a factor that should receive significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing sentencing factors.  *See United States v. Cooks,* 589 F.3d 173, 186 (5th Cir. 2009).  The sentence is AFFIRMED.